# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

MICHAEL SHERMAN TOLLIVER,

67           Defendant.

Case No.10-CR-141-JHP

## OPINION AND ORDER

Defendant's Motion for Injunction or Stay of Execution on Restitution Orders [Dkt. 183] has been referred to the undersigned United States Magistrate Judge for decision.

Defendant seeks an order staying the Government's efforts to collect the restitution Defendant was ordered to pay as part of his sentence until his appeal can be heard by the Court of Appeals. In deciding Defendant's motion the court will use the four part test applied in similar situations. Appellant must show that: (1) he is likely to prevail on the merits on appeal; (2) he will be irreparably harmed in the absence of a stay; (3) other parties will not be substantially harmed by the entry of a stay; and (4) the public interest favors a stay. *U.S. v. Various Tracts of Land in Muskogee and Cherokee Counties*, 74 F.3d 197, 198 (10th Cir. 1996).

## Likelihood of Prevailing on Merits on Appeal

Defendant paid the forfeiture amount. According to Defendant, the restitution order was improper because the Government agreed that Defendant's payment of the forfeiture amount would also satisfy his restitution obligation. The Government denies it entered into such an agreement. The factual issue about the existence of an

agreement was clearly presented to the sentencing court which resolved the issue against Defendant.

Factual findings are reviewed by the appellate court for clear error. *U.S. v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012)(in challenge to sentence, legal conclusions about sentencing guidelines are subject to de novo review; factual findings are reviewed for clear error) *U.S. v. Kitchell*, 653 F.3d 1206, 1226 (10th Cir. 2011) (same); *U.S. v. One Hundred Forty-Nine Thousand Four Hundred Forty-Two & 43/100 Dollars ($149,442.43) in United States Currency*, 965 F.2d 868, 876 (10th Cir. 1992) (same in forfeiture case). Defendant has not demonstrated that it is likely his arguments will prevail on appeal given this standard.

## **Irreparable Harm to Defendant Absent a Stay**

Defendant argues he will be irreparably harmed because the Government is attempting to sell real property in which he has an interest. He asserts that if the real property is sold, he will not be able to get that property back if he is successful on appeal. Defendant has not provided specific information about the properties involved. Defendant has thus failed to make a showing that sale of the properties would result in harm that could not be remedied by the payment of money if he is successful on appeal. Defendant has failed to establish that he will be irreparably harmed in the absence of a stay.

## **Substantial Harm to Other Parties by Issuance of a Stay**

The Government and the victim have an interest in promptly collecting and receiving the restitution. The Government argued that if a stay were issued, the real

property may diminish in value and unknown events may make collection efforts more difficult. However, the Government did not establish how substantial these concerns are. On the other hand, Defendant has not offered to post an appeal bond or to take any other steps to alleviate the concerns expressed by the Government.

## **Public Interest in a Stay**

No specific public interest has been identified either in favor of or in opposition to a stay pending appeal.

## **Conclusion**

Based primarily on Defendant's failure to establish that he is likely to prevail on appeal or be irreparably harmed in the absence of a stay, Defendant's Motion for Injunction or Stay of Execution on Restitution Orders [Dkt. 183] is DENIED.

SO ORDERED this 9th day of August, 2012.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

3